UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIJAH BUCKLEY,

      Plaintiff,

v.                                       CASE NO. 6:08-cv-1172-Orl-31GJK

RYAN WILLIAMS,

      Defendant.

_____

## ORDER OF DISMISSAL

Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief.  *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A complaint is frivolous if it is without arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990).  Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has brought this action against Ryan Williams, a state prosecutor, alleging that his rights pursuant to the Fourteenth Amendment to the Constitution were violated. Specifically, Plaintiff asserts that Defendant knowingly presented perjured testimony and suppressed evidence favorable to Plaintiff in order to procure his conviction for burglary of a structure and possession of paraphernalia.  (Doc. No. 1 at 8-9.)  Plaintiff seeks $20,000,000 and to be released from custody.  *Id.* at 10.

The actions that Plaintiff complains about regarding occurred during Plaintiff's criminal prosecution.  Prosecutors are immune from suit under section 1983 for acts taken during the course of their duty as a prosecutor.  *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate).  "The prosecutorial function includes the initiation and pursuit

2

of criminal prosecution, . . . and all appearances before the court, including examining witnesses and presenting evidence, *see Burns v. Reed,* 500 U.S. 478, 492, 111 S. Ct. 1934, 1942, 114 L. Ed. 2d 547 (1991)." *Brevan v. Durling*, No. 06-14824, 2007 WL 1721460, *2 (11th Cir. June 15, 2007). Defendant, therefore, is cloaked with absolute immunity for the activities alleged in the complaint because they were associated with the prosecution of Plaintiff's criminal case. *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED** as frivolous.

2.      The Clerk of the Court is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** at Orlando, Florida this 28th day of July, 2008.

Copies to:
sc 7/28
Elijah Buckley

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE